UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK, FRANKFURT AM MAIN, NEW YORK BRANCH,<br><br>          Plaintiff,<br><br>     v.<br><br>RYAN DANIEL, LLC, RYAN DANIEL, individually, and JENNIFER DANIEL, individually<br><br>          Defendants. | Case No. 09-cv-1076-JPG |

## MEMORANDUM AND ORDER

In light of Seventh Circuit admonitions, *see, e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 2) filed by plaintiff DZ Bank AG Deutsche Zentral-Genossenschaftsbank, Frankfurt Am Main, New York Branch ("DZ Bank"):

1. **Failure to allege the citizenship of a corporation.** A corporation is a citizen of both the state of its principal place of business and the state of its incorporation. 28 U.S.C. § 1332(c)(1). Courts have interpreted this statute to also mean that an alien corporation is a citizen of the country of its incorporation and the country of its principal place of business. *See Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 773-74 (9th Cir. 1992); *see, e.g., Southeast Guar. Trust Co., Ltd. v. Rodman & Renshaw, Inc.*, 358 F. Supp. 1001, 1007 (N.D. Ill. 1973). The relevant pleading must affirmatively allege the specific states or countries of incorporation and principal place of business of a corporate party. Dismissal is appropriate if a plaintiff fails to make such allegations. *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994). DZ Bank's complaint alleges it is "registered" in Germany, but it has not alleged the country of its incorporation or the country of its principal place of business.

2. **Failure to allege a the citizenship of each member of an unincorporated association.** To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *See Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). The relevant pleading must

affirmatively allege the specific states of citizenship of each member of the limited liability company, and "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). DZ Bank's complaint does not allege the citizenships of all the members of defendant Ryan Daniel, LLC.

3. **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000. DZ Bank's complaint alleges the residences of defendants Ryan Daniel and Jennifer Daniel but not their citizenships.

The Court hereby **ORDERS** that DZ Bank shall have up to and including January 22, 2010, to amend the faulty pleading to correct the jurisdictional defect. Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. DZ Bank is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: January 5, 2010**

                                                s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**