IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK, FRANKFURT AM MAIN, NEW YORK BRANCH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RYAN DANIEL, LLC, RYAN DANIEL, individually, and JENNIFER DANIEL, individually,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)　Case No. 09-cv-1076-JPG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff DZ Bank AG Deutsche Zentral-Genossenschaftsbank, Frankfurt AM Main, New York Branch ("DZ Bank") for default judgment against defendants Ryan Daniel and Jennifer Daniel in the amount of $149,624.33 plus interest, costs and attorney's fees (Doc. 33).  In this case DZ Bank brings a breach of contract claim against defendant Ryan Daniel LLC (Count I), and breach of guaranty claims against Ryan Daniel (Count II) and Jennifer Daniel (Count III) based on the obligation of Ryan Daniel LLC's contract at issue in Count I.  The motion for default judgment does not seek resolution of the claims against Ryan Daniel LLC.

Because the claim against Ryan Daniel LLC is still pending, any judgment entered by the Court against Ryan Daniel and Jennifer Daniel at this time must be pursuant to Federal Rule of Civil Procedure 54(b), which permits the Court to certify for appeal a judgment resolving all claims against one party.  *See National Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil*, 784 F.2d 817, 821 (7th Cir. 1986).  Rule 54(b) states:

> **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In determining whether to grant judgment under Rule 54(b) the Court must first determine whether the judgment is final in the sense that it is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Then, the Court must determine whether there is any just reason for delay, taking into account the interests of judicial administration and the equities involved. *Curtiss-Wright*, 446 U.S. at 8; *Schieffelin & Co. v. Valley Liquors, Inc.*, 823 F.2d 1064, 1065-66 (7th Cir. 1987). In attempting to prevent piecemeal litigation, the Court should "consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8; *see ODC Commc'ns Corp. v. Wenruth Inv.*, 826 F.2d 509, 512 (7th Cir. 1987).

The decision to certify a final judgment as to fewer than all claims in a case is left to the sound discretion of the district court. *Curtiss-Wright*, 446 U.S. at 8; *Schieffelin*, 823 F.2d at 1065. However, district courts are not to utilize Rule 54(b) unless there is a good reason for doing so. *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990). Ordinarily, a default judgment should not be entered against one defendant until the matter has

been resolved as to all defendants. *Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872)). In certifying a ruling for immediate appeal under Rule 54(b), a district court must expressly determine that there is no just reason for delay, using that exact phrase, and expressly direct that final judgment be entered. *See Granack v. Continental Cas. Co.*, 977 F.2d 1143, 1144-45 (7th Cir. 1992).

The Court finds that DZ Bank has not provided any good reason why the Court should issue multiple judgments in this case. The claims for breach of guaranty against Ryan Daniel and Jennifer Daniel are inextricably intertwined with the breach of contract action against Ryan Daniel LLC. Indeed, Ryan Daniel LLC's contract is the obligation guaranteed in the guaranty agreement. The claims against Ryan Daniel and Jennifer Daniel, on the one hand, and the claim against Ryan Daniel LLC, on the other, involve the same underlying obligation and are not separable from each other.

Furthermore, allowing Count I to proceed separately from Counts II and III would not be a wise administration of judicial resources. For example, confusion could conceivably result if liability or the amount of a money judgment against Ryan Daniel LLC is ultimately found to be different than the liability or money judgment against Ryan Daniel and Jennifer Daniel. In addition, allowing the claims against Ryan Daniel and Jennifer Daniel to reach judgment under Rule 54(b) would not narrow the focus of the remainder of the case. Finally, DZ Bank has not presented any equitable reason to issue a Rule 54(b) judgment.

For the foregoing reasons and pursuant to the Seventh Circuit Court of Appeals' express preference not to enter default judgment prior to resolution of claims against all defendants, the Court declines to certify the termination of the claims against Ryan Daniel and Jennifer Daniel

under Rule 54(b) and accordingly **DENIES without prejudice** DZ Bank's motion for default judgment (Doc. 33).  The plaintiff may reapply for default judgment when the claim against Ryan Daniel LLC has been resolved.

**IT IS SO ORDERED.**
**DATED:  May 27, 2010**

            s/ J. Phil Gilbert
            **J. PHIL GILBERT**
            **DISTRICT JUDGE**